IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

RICHARD TIDWELL,                          §
Institutional ID No. 01835060,            §
SID No. 7381198,                          §
                                          §
          Plaintiff,                      §
                                          §   CIVIL ACTION NO. 5:19-CV-179-BQ
v.                                        §
                                          §
TEXAS DEPARTMENT OF                       §
CRIMINAL JUSTICE, *et al.*,               §
                                          §
          Defendants.                     §

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**
**AND ORDER OF TRANSFER**

The United States District Judge transferred this case to the undersigned United States

Magistrate Judge on December 10, 2019.  ECF No. 21.  In accordance with said order, the

undersigned conducted preliminary screening as described in 28 U.S.C. §§ 1915(e)(2) and

1915A(b) and determined that the pro se Plaintiff Richard Tidwell's claim of excessive force

against Texas Department of Criminal Justice (TDCJ) Correctional Officer (C.O.) Teresa S.

Gomez survives preliminary screening.  ECF No. 29.   The Court subsequently entered an order

requiring Defendant to answer or otherwise plead to Tidwell's claim.  *Id.*  Defendant Gomez filed

her Answer on July 6, 2020.  ECF No. 32.  As of today's date, all parties have not consented to

jurisdiction by the magistrate judge.  Upon review of Defendant's Answer, it is the opinion of the

undersigned that this matter must be transferred to the district judge for further proceedings.

## I.   Discussion

The undersigned previously found that Tidwell's claim for excessive force survives preliminary screening.[1] *See* Order to Answer 12–13, ECF No. 29. The Court briefly addresses that claim below.

To establish a constitutional violation for excessive use of force by a jail or prison official, a plaintiff must show that the defendant unnecessarily and wantonly inflicted pain. *See Whitley v. Albers*, 475 U.S. 312, 319–21 (1986). Whether an official's use of force is unnecessary or wanton depends on if the "force was applied in a good-faith effort to maintain or restore discipline or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 6 (1992) (citing *Whitley*, 475 U.S. at 320–21). Factors relevant to this determination include, but are not limited to, the following: (1) the extent of the injury suffered; (2) the need for application of force; (3) the relationship between that need and the amount of force used; (4) the threat reasonably perceived by the responsible officers; and (5) any efforts officers made to temper the severity of a forceful response. *See Hudson*, 503 U.S. at 7; *Baldwin v. Stalder*, 137 F.3d 836, 839 (5th Cir. 1998) (citing *Hudson v. McMillian*, 962 F.2d 522, 523 (5th Cir. 1992)).

Tidwell alleges that Defendant Gomez intentionally "smashed" a heavy cell door on his hand during handouts of sack lunches, causing significant injuries to his hand and requiring him to still wear a splint nearly a year later.[2] Am. Compl. 4, ECF No. 11; Questionnaire 4, ECF No.

---

[1] The Court concluded that Tidwell's claims against Defendant Gomez for retaliation and injunctive relief failed to state a viable claim and dismissed them through the same order. *See* ECF Nos. 29, 30. With respect to Tidwell's claims against TDCJ, the Court found that TDCJ was immune from suit and dismissed those causes of action as well. *Id.*

[2] The undersigned notes the authenticated records reflect that TDCJ conducted an investigation of the incident after Tidwell filed a grievance alleging Defendant Gomez smashed his hand in the cell door. The investigation found inadequate evidence to support Tidwell's claims. Defendant Gomez denied using any force against Tidwell and claimed that she was able to shut his cell door without incident. There is, however, no video recording of the alleged incident.

28.[3] Further, he claims that after Gomez smashed his hand, she "abandoned" him even though he told her that she had smashed his hand. Am. Compl. 4. Finally, Tidwell avers that when Gomez returned, she taunted him about his injuries, stating, "Aw poor baby did I smash your hand? Boo-hoo you want to cry?" *Id.*; Questionnaire 4.[4]

The authenticated records confirm Tidwell's continued use of a splint, and medical evaluation led to Tidwell receiving an MRI on his hand, which showed ligament damage in his wrist, fluid in the distal radial ulnar joint and the surrounding damaged ligaments, and a mild contusion to his first metacarpal bone. In addition, the records show Tidwell often complained of numbness in his fingers, loss of strength, and difficulty extending his fingers following the alleged incident. Tidwell claims to still experience pain and numbness in his hand as well as difficulties performing tasks such as writing for long periods of time. Questionnaire 5. Tidwell further alleges that he is unable to lift or push any weight with the injured hand. *Id.*

The undersigned need not expend significant time applying the *Hudson* factors. Accepting Tidwell's account as true, there was no need for any force, no threat perceived by Gomez, nor any effort to temper the force used. The *allegations* before the Court represent a clear example of unnecessary force and the wanton infliction of pain: a guard intentionally slamming a cell door on an inmate's hand for no apparent reason except to cause pain or injure the inmate. Am. Compl. 4; Questionnaire 4. Moreover, Tidwell has alleged harms greater than *de minimis* arising from the alleged use of force, as he still wears a splint on his hand and claims to continue experiencing pain and numbness in his fingers as well as difficulty performing tasks using the hand. Questionnaire

---

[3] Page citations to Tidwell's pleadings and questionnaire responses refer to the electronic page number assigned by the Court's electronic filing system.

[4] The Court initially scheduled a *Spears* hearing in this case to better understand Tidwell's factual allegations. ECF No. 25. Because of the COVID-19 pandemic, however, the Court vacated the hearing and it was not feasible to reschedule. *See* ECF No. 26. The Court therefore issued a questionnaire to develop Tidwell's claims. ECF Nos. 27, 28.

5. As such, Tidwell's allegations survive screening under §§ 1915 and 1915A. *See, e.g.*, *Molina v. Esparza*, Civil Action No. 2:19-CV-395, 2020 WL 1958854, at *3–4 (S.D. Tex. Mar. 11, 2020) (recommending prisoner's excessive force claim survive screening where prisoner alleged that, while handcuffed, defendants slammed him against the wall and to the ground and kicked him while he was on the ground, causing injury to his knee that required surgery), *R. & R. adopted by* 2020 WL 1955252 (S.D. Tex. Apr. 23, 2020); *Moore v. Doe*, Civil Action No. 2:17–CV–121, 2017 WL 6949741, at *5 (S.D. Tex. Sept. 14, 2017) (finding prisoner's claim survived screening where defendant "assaulted him with a closed first for two minutes while [prisoner] was shackled and strapped to a gurney"), *R. & R. adopted in part by* 2018 WL 447363 (S.D. Tex. Jan. 17, 2018); *Hudson v. McAnear*, C.A. No. C–09–327, 2011 WL 67199, at *9–10 (S.D. Tex. Jan. 10, 2011) (denying summary judgment in favor of prison guard on prisoner's excessive force claim in part because evidence did not resolve "whether the *degree* of force was appropriate under the circumstances" or if the defendant applied the force "with malicious or sadistic intent" (emphasis in original)).

Given the timeframe set forth by the district judge in the referral order, it appears prudent to transfer the case back to the district judge for implementation of a scheduling order. Accordingly, it is the **RECOMMENDATION** of the magistrate judge that a scheduling order should be entered, setting dates certain for pretrial deadlines and filing dispositive motions.

It is therefore **ORDERED** that the transfer of this case to the United States Magistrate Judge is terminated and the case is hereby transferred back to the docket of the United States District Judge. This case shall hereinafter be designated as Civil Action Number 5:19-CV-179-H.

## II.    Right to Object

A copy of these Findings, Conclusions, and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these Findings, Conclusions, and Recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1) (2017); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

Dated: July 8, 2020

D. GORDON BRYANT, JR.
UNITED STATES MAGISTRATE JUDGE